

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF COLUMBIA

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY<br>77 Massachusetts Avenue<br>Cambridge, MA 02139<br><br>            Plaintiff,<br><br>      v.<br><br>HON. DAVID KAPPOS<br>Under Secretary of Commerce for Intellectual Property<br>and Director of the United States Patent and Trademark Office<br>Office of the General Counsel<br>United States Patent and Trademark Office<br>600 Dulaney Street<br>Arlington, VA 22314<br><br>            Defendant. | Civil Action No. _____<br><br><br><br>Case: 1:09-cv-02355<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 12/11/2009<br>Description: Admn. Agency Review |

## COMPLAINT

Plaintiff Massachusetts Institute of Technology, for its Complaint against the Honorable David Kappos, states as follows:

1.    This is an action by the owner of U.S. Patent No. 7,547,556 ("the '556 patent") seeking review of inaccurate and erroneous patent term adjustment calculations made by the United States Patent and Trademark Office ("USPTO"). Specifically, this is an action by Plaintiff under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 893 days calculated by the USPTO for the '556 patent should be corrected to 1,151 days.

2.    This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Massachusetts Institute of Technology is a non-profit educational and research institution organized under the laws of the Commonwealth of Massachusetts and having a principal place of business at 77 Massachusetts Avenue, Cambridge, MA 02139.

4. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the USPTO, acting in his official capacity. The Director of the USPTO ("Director") is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by 35 U.S.C. § 154(b)(3)(B) as the official responsible for determining the period of patent term adjustment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## FACTS

8. On June 16, 2009, the USPTO issued the '556 patent to Plaintiff, entitled "Methods for Filing a Sample Array by Droplet Dragging,"[1] based on U.S. Patent Application Serial No. 10/958,969, and filed on October 5, 2004 by Ian Hunter, Colin J. H. Brenan, and Tanya S. Kanigan. A true copy of the '556 patent is attached hereto as Exhibit 1.

9. Plaintiff Massachusetts Institute of Technology is the assignee and owner of the '556 patent as evidenced by an assignment of "parent" U.S. Patent Application Serial No. 09/850,123

---

[1] A pending Request for Certificate of Correction pursuant to 37 C.F.R. § 1.323, filed on July 22, 2009, requests that "Filing" be replaced with "Filling" in the title to correct a misspelling.

executed by Ian Hunter, Colin J. H. Brenan, and Tanya S. Kanigan and recorded with the USPTO at Reel 012007, Frame 0082 of the USPTO assignment records. Plaintiff Massachusetts Institute of Technology is the real party in interest in this case.

10.     Pursuant to 35 U.S.C. § 154, the Director is required to grant patent term adjustment in accordance with the provisions of 35 U.S.C. § 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11.     In calculating the patent term adjustment, the Director is required to consider USPTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the USPTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12.     The patent term adjustment for the '556 patent, as determined by the Defendant under 35 U.S.C. § 154(b) and listed on the face of the '556 patent, is 893 days. *See* Exhibit 1 at 1.

13.     Had the USPTO calculated the patent term adjustment properly, the '556 patent would be entitled to 1,151 days of patent term adjustment.

14.     The errors in the USPTO's patent term adjustment calculation are detailed in a recent decision from this Court in *Wyeth v. Dudas*, 580 F. Supp. 2d 138, 88 U.S.P.Q.2d 1538 (BNA) (D.D.C. 2008), *argued*, No. 2009-1120 (Fed. Cir. Oct. 7, 2009), where this Court granted summary judgment against the USPTO holding that the USPTO's patent term adjustment calculation methodology was erroneous as a matter of law and inconsistent with 35 U.S.C. § 154. A true copy of the *Wyeth v. Dudas* opinion is attached hereto as Exhibit 2.

15. The correct patent term adjustment methodology identified in the *Wyeth v. Dudas* decision governs the USPTO's calculation of patent term adjustment for the Plaintiff's '556 patent.

## **CLAIM FOR RELIEF**

16. The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth herein.

17. During prosecution of the '556 patent, Plaintiff accrued 900 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(A), and accrued 489 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(B).

18. Under the USPTO's interpretation of 35 U.S.C. § 154, all patent term adjustment accrued under 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) inherently overlaps and, thus, it has been the USPTO's position that a patent holder is only eligible for the larger of these two amounts of patent term adjustment, that is, 900 days for the '556 patent (less any deductions for applicant delay).

19. In view of the recent decision from this Court in *Wyeth v. Dudas*, the USPTO is obligated to award patent term adjustment under both 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) except where both delays occur on the same day, in which case the applicant is awarded a single day of patent term adjustment.

20. Plaintiff agrees with the USPTO's calculation of 900 days of "A Delay" under 35 U.S.C. § 154(b)(1)(A).

21. Plaintiff respectfully asserts that USPTO erred in not awarding the full 489 days "B Delay" under 35 U.S.C. § 154(b)(1)(B) for the failure of the USPTO to issue the '556 patent on or before July 1, 2005 (three years after the filing date). Specifically, Plaintiff is entitled to 489

days of patent term adjustment for the period between October 6, 2007 (three years and one day after the application filing date) and February 5, 2009 (the date before the day on which a Request for Continued Examination ("RCE") was filed), less any overlap with the "A Delay" and any applicant delays.

22.  The 900 days of "A Delay" and the 489 days of "B Delay" overlap as depicted below:



23.  Under the proper analysis set forth in *Wyeth v. Dudas* and as reflected in the above-diagram, Plaintiff is entitled to 1,151 days of patent term adjustment calculated as follows:

(a)  900 days of "A Delay,"

(b)  plus 489 days of "B Delay,"

(c)  less 231 days of overlap between the periods of "A Delay" and "B Delay," and

(d)  less 7 days of applicant delay.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a) issue an Order changing the period of patent term adjustment for the '556 patent from 893 days to 1,151 days and requiring Defendant to issue a Certificate of Correction to alter the terms of '556 patent to reflect the correct 1,151 days of patent term adjustment; and

(b) grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.


Date:   December  11 , 2009             Respectfully submitted,

**EDWARDS ANGELL PALMER & DODGE LLP**

*[signature]*

Brian M. Gaff (Bar No. TX0049)
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (fax)

James E. Armstrong, IV (Bar No. 460470)
1875 Eye Street, NW
Washington, DC 20006-5421
(202) 478-7370
(202) 478-7380 (fax)

*Attorneys for Plaintiff Massachusetts Institute of Technology*